

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302  984-6147 Direct Phone
302  658-1192 Fax

February 16, 2015

**By CM/ECF**
The Honorable Richard G. Andrews
U. S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE  19801

      RE:    *Dragon Intellectual Property, LLC v. Apple, Inc.*,
               D. Del., C.A. No. 13-2058-RGA
               *Dragon Intellectual Property, LLC v. AT&T Services Inc.*,
               D. Del., C.A. No. 13-2061-RGA
               *Dragon Intellectual Property, LLC v. Charter Communications Inc.*,
               D. Del., C.A. No. 13-2062-RGA
               *Dragon Intellectual Property, LLC v. Comcast Cable Communications LLC*,
               D. Del., C.A. No. 13-2063-RGA
               *Dragon Intellectual Property, LLC v. Cox Communications Inc.*,
               D. Del., C.A. No. 13-2064-RGA
               *Dragon Intellectual Property, LLC v. DirecTV LLC*,
               D. Del., C.A. No. 13-2065-RGA
               *Dragon Intellectual Property, LLC v. Dish Network LLC*,
               D. Del., C.A. No. 13-2066-RGA
               *Dragon Intellectual Property, LLC v. Sirius XM Radio Inc.*,
               D. Del., C.A. No. 13-2067-RGA
               *Dragon Intellectual Property, LLC v. Time Warner Cable Inc.*,
               D. Del., C.A. No. 13-2068-RGA
               *Dragon Intellectual Property, LLC v. Verizon Communications Inc.*,
               D. Del., C.A. No. 13-2069-RGA

Dear Judge Andrews:

      Defendants[1] request an order from the Court compelling plaintiff Dragon Intellectual Property LLC ("Dragon") to provide a substantive response to Defendants' Common Interrogatory No. 12, which requests Dragon's bases for its contention that the asserted claims of the '444 patent (the patent-in-suit) are not invalid as anticipated under 35 U.S.C. § 102:

---

[1] "Defendants" collectively refers to Apple Inc., AT&T Services, Inc., Charter Communications, Inc., Comcast Cable Communications, LLC, Cox Communications, Inc., DIRECTV LLC, DISH Network L.L.C., Sirius XM Radio Inc., Time Warner Cable Inc., and Verizon Communications Inc.

The Honorable Richard G. Andrews                                                                                              Page 2
February 16, 2015

>   For each Asserted Claim that you contend is not invalid as anticipated under 35
>   U.S.C. § 102 in view of any prior art reference identified in Defendants'
>   Invalidity Contentions, describe in detail the bases for your contention, including
>   a detailed explanation of why each prior art reference does not expressly or
>   inherently anticipate that claim and identifying each element of the Asserted
>   Claim that you contend is not disclosed in the reference. For purposes of this
>   interrogatory, you should apply the claim constructions as determined by the
>   Court. To the extent the Court has not yet determined a construction for a claim
>   term and you assert that the construction of that term is relevant to your response
>   to this interrogatory, you should identify (1) each claim limitation of each of the
>   Asserted Claims that you contend is not disclosed by the prior art reference,
>   describing in detail the bases for your contention, and (2) the proposed
>   construction for each such limitation on which your contention is based.

Ex. A at 6.  Dragon refuses to provide any substantive response to this commonly-issued interrogatory asking for a plaintiff's non-invalidity contentions, despite having issued a reciprocal interrogatory requesting each Defendant's non-infringement positions for the asserted claims.  Unlike Dragon, Defendants provided detailed answers to Dragon's interrogatory.  As explained below, Dragon cannot create a double standard and ignore its discovery obligations by requesting and obtaining Defendants' position on non-infringement, but refusing to provide its own position on (in)validity.

   More specifically, in mid-November 2014, Dragon served on each Defendant an interrogatory asking for the "complete basis for [that Defendant's affirmative defense of non-infringement] as to all Asserted Claims, including identifying all elements you contend are not satisfied by any such Accused Product, and the reasons for such a contention."  *See, e.g.*, Ex. B at 2.  Essentially, Dragon's interrogatory asks each Defendant for non-infringement contentions as to every accused product.  Two days later, Defendants served on Dragon a second set of common interrogatories, which included a reciprocal interrogatory—Common Interrogatory No. 12—to that which Dragon had just served on Defendants.  Defendants' Common Interrogatory No. 12 seeks nearly the same information regarding Dragon's (in)validity position as that which Dragon's interrogatory seeks with respect to Defendants' non-infringement positions.

   Despite the reciprocal nature of these interrogatories, the responses that each side provided are vastly different.  Each Defendant provided detailed, substantive responses to Dragon's interrogatory regarding non-infringement.  For certain of the Defendants, that involved providing a substantive response for over fifty products.  A few days after Defendants provided these substantive responses, Dragon served its Objections and Responses to Defendants' Second Set of Common Interrogatories.  In contrast to Defendants' responses to Dragon's non-infringement interrogatory, however, Dragon provided no substantive response whatsoever to Defendants' Common Interrogatory No. 12. Ex. C. at 3-4.  Instead, Dragon provided a list of mainly boilerplate objections that do not excuse its failure to substantively respond.  *Id.*

   Dragon's failure to respond to Common Interrogatory No. 12 denies Defendants the opportunity to learn Dragon's true contentions regarding the prior art that Defendants charted in their invalidity contentions.  This information is highly relevant to the claims and defenses in this matter, as Dragon will certainly oppose Defendants' invalidity defenses.  And at least one defendant, Sirius XM Radio Inc., counterclaimed against Dragon for invalidity.  Dragon has denied that claim.  Thus, Dragon cannot question the relevance, and significance, of this

interrogatory. Indeed, at least one other court in this District has recognized the relevance of an interrogatory such as Common Interrogatory No. 12, ordering a plaintiff to provide a complete substantive response to a similar interrogatory regarding invalidity and prior art references that the defendant in that matter had issued. Ex. D (Order, *Pragmatus AV, LLC v. Yahoo! Inc.*, Civil Action No. 11-902-LPS-CJB, June 25, 2013.)

During a meet and confer on January 15, 2014, Dragon expressed three objections to Common Interrogatory No. 12. First, Dragon argued that the interrogatory is premature because it calls for expert opinion/testimony, which is not due until much later in the case. This objection, however, misunderstands what information Defendants are seeking. Common Interrogatory No. 12 asks for *Dragon's* bases for its positions that the prior art references charted in Defendants' Invalidity Contentions do not anticipate the asserted claims in the '444 patent; Defendants are *not* seeking the opinions of Dragon's experts. While Dragon will likely at some later point offer expert testimony to support its positions, it is Dragon's positions that Defendants are now seeking. In addition, Dragon's reliance on this objection is disingenuous given that just days before Defendants served Common Interrogatory No. 12, Dragon served on each Defendant an interrogatory asking Defendants to engage in precisely the same type of analysis—but with respect to non-infringement rather than invalidity—that Dragon is refusing to provide to Defendants. Dragon should not be permitted to demand that Defendants provide a detailed non-infringement analysis for every accused product and then hide behind an objection that Defendants' reciprocal interrogatory is premature.

Second, Dragon objected to Common Interrogatory No. 12 on the grounds that it is burdensome. The proper inquiry, however, is not simply whether responding to the interrogatory is burdensome (certainly any discovery response could be classified as "burdensome"), but whether doing so is overly burdensome in comparison to the value of the information that the interrogatory seeks. Here, Common Interrogatory No. 12 seeks Dragon's position on invalidity that is directly and highly relevant to one of Defendants' primary defenses. Moreover, Dragon's objection amounts to a double standard: expecting Defendants to incur the burden of responding to a non-infringement interrogatory with respect to every accused product, but refusing to provide its positions as to the prior art references in Defendants' Invalidity Contentions. Dragon filed suits against ten separate defendants accusing at least one hundred fifty accused products across that group of defendants. In comparison, the number of prior art references that Defendants charted in their invalidity contentions is less than a third of that, forty-four. Given the number of suits and the number of accused products for which Defendants provided substantive responses to Dragon's non-infringement interrogatory, it is unreasonable for Dragon to now claim that responding to Common Interrogatory No. 12 for approximately forty prior art references is overly burdensome.

Third, Dragon contends that it does not have to provide its position on the invalidity of the '444 patent because Defendants should have asked for such non-invalidity contentions as part of the case schedule. But again, this argument amounts to a double standard. Dragon did not request, and the schedule does not provide for, Defendants to provide non-infringement contentions. Yet Dragon issued an interrogatory requesting Defendants' non-infringement contentions and Defendants provided substantive responses as the Federal Rules require.

For these reasons, Defendants respectfully request that the Court order Dragon to fully answer Common Interrogatory No. 12.

The Honorable Richard G. Andrews                                                                               Page 4
February 16, 2015

                Respectfully,

                */s/ David E. Moore*

                David E. Moore (No. 3983)

DEM:nmt/1181539/41205

Enclosures
cc: Clerk of the Court (by CM/ECF)
   Counsel of Record (by electronic mail)