

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

February 17, 2015

Writer's Direct Access:
(302) 429-4232
sbrauerman@bayardlaw.com

**VIA CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re:   *Dragon Intellectual Property, LLC v. Apple, Inc.*, C.A. No. 13-2058; *AT&T Services Inc.*, C.A. No. 13-2061; *Charter Communications Inc.*, C.A. No. 13-2062; *Comcast Cable Communications LLC*, C.A. No. 13-2063; *Cox Communications Inc.*, C.A. No. 13-2064; *DirecTV LLC*, C.A. No. 13-2065; *Dish Network LLC*, C.A. No. 13-2066; *Sirius XM Radio Inc.*, C.A. No. 13-2067; *Time Warner Cable Inc.*, C.A. No. 13-2068; *Verizon Communications Inc.*, C.A. No. 13-2069

Dear Judge Andrews:

   We write on behalf of Plaintiff Dragon Intellectual Property, LLC ("Dragon") in response to Defendants' letter submitted yesterday in the above captioned cases. On October 28, 2014, Defendants served two sets of invalidity contentions that identify more than sixty bases of invalidity under 35 U.S.C. § 102.[1]  Soon thereafter, Defendants served interrogatories seeking Dragon's "contentions" as to why Dragon's U.S. Patent 5,930,444 (the "'444 Patent") is not invalid, in light of the invalidity contentions.  "The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery." *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).  Defendants' request that Dragon respond to their "validity" contention interrogatory should be denied because it prematurely seeks expert testimony, serves no meaningful purpose, and does not contribute to narrowing or focusing the issues in dispute.

**No Important Purpose Would Be Served By Granting Defendants' Request**

   Defendants' Interrogatory No. 12 requires Dragon to analyze Defendants' invalidity contentions, and to develop now – in advance of the agreed expert discovery schedule – Dragon's responses to Defendants' identified invalidity contentions. To overcome the presumption of validity afforded to the '444 Patent, Defendants must show by clear and convincing evidence that one of ordinary skill in the art would understand that all of the elements of a particular claim are disclosed in a given prior art reference.  *Finisar Corp. v. DirecTV*, 523 F.3d 1323, 1336 (Fed. Cir. 2008) ("the meaning of a prior art reference requires analysis of the understanding of an artisan of ordinary skill."); *Scripps Clinic & Research Found. v. Genentech*, 927 F.2d 1565, 1576 (Fed. Cir. 1991) (anticipation requires "no difference between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention."), *overruled on other grounds by Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009). "Contentions" as to why the '444

---

[1] *See* Ex. A (Apple, AT&T, DirecTV, Dish, and Sirius XM Invalidity Contentions) at p. 4-16; Ex. B (Charter, Comcast, Cox, Time Warner Cable, and Verizon Invalidity Contentions) at p. 3-7.



Patent is not invalid require expert analysis to determine how one of ordinary skill would understand the references upon which Defendants rely in support of their invalidity defenses. In their letter, Defendants state that they are not seeking expert testimony, but are seeking only "*Dragon's* bases for its positions that the prior art references charted in Defendants' Invalidity Contentions do not anticipate the asserted claims in the '444 patent." (Letter at 3 (emphasis in original).) To the extent Defendants request information that is not legally significant, this interrogatory does not seek relevant or discoverable information under Rule 26.

The agreed schedule provides for the service of expert reports on matters on which the parties bear the burden of proof on August 3, 2015. At that time, Defendants will disclose expert testimony regarding their invalidity defenses, and Dragon will have the opportunity to respond to Defendants' invalidity expert report(s) on September 16, 2015. (*See* April 21, 2014 Scheduling Order at ¶ 13(a).) The work that would be required to provide the response Defendants seek is significant and burdensome enough that Defendants could and should have proposed it as part of the case schedule.

Requiring Dragon to provide "validity contentions" now is also unwarranted because Defendants contentions are expressly subject to change and narrowing, and presented subject to several paragraphs worth of reservations of rights. (*See*, *e.g.*, Ex. A at 3-4 ("Defendants identify the following references on which it [*sic*] may rely as invalidating one or more of the Asserted Claims").) During meet and confer discussions, Defendants declined to specify on which of the more than sixty bases of alleged invalidity they would move for summary judgment or present at trial. Defendants, understandably at this point, want to keep their options open. In doing so, Defendants acknowledge that only some of the currently identified bases for invalidity will play a role in dispositive motions or trial, while others will fall away.

It would be unduly burdensome to require Dragon to respond to Defendants' invalidity contentions now because the case schedule already contemplates a procedure for the exchange of positions, and requiring Dragon to conduct a non-expert analysis of the invalidity contentions will not advance the litigation in a significant way. This is particularly true with respect to purported invalidity bases upon which Defendants will never rely. Any minimal benefit of a response to Interrogatory No. 12 is far outweighed by the time and resources that would be spent creating the response. *See Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc*., 2007 WL 1300772 (W.D. Pa. May 2, 2007) (declining to order plaintiff to respond to "validity" contention interrogatory on undue burden grounds where fifty-seven prior art references had been identified).

Contention interrogatories served before relevant discovery has taken place – such as the expert discovery that may support Defendants' invalidity positions – are generally disfavored unless they are likely to contribute meaningfully to clarifying or narrowing the issues in the case. *U.S. v. Bazaarvoice, Inc*., 2013 WL 1739472, at *3 (N.D. Cal. Apr. 22, 2013). On this basis, many courts have declined to require a response to similar "validity" contention interrogatories.[2] *E.g., MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 2854773, at *4-5 (N.D. Cal. June 20, 2014)

---

[2] *See, e.g., IP Innovation v. Sharp Corp.*, 219 F.R.D. 427, 429 (N.D. Ill. 2003) ("Plaintiffs' request for an invalidity analysis before Sharp is required to produce its expert report is denied as premature."); *Bonutti Skeletal Innovations v. Linvatec Corp.*, 2014 WL 186123 (M.D. Fla. 2014) (denying motion to compel patentee to respond to "validity" interrogatory before expert discovery has taken place).



The Honorable Richard G. Andrews
February 17, 2015
Page 3

(defendant's "validity" contention interrogatory, served on the heels of its invalidity contentions "is an attempt to circumvent the parties' respective burdens of proof, the structure of the Patent Local Rules, and the Court's scheduling order"). Defendants' letter contains not one word as to how granting their request would advance the litigation. It would not.

The only authority Defendants cite is an unpublished order issued in a different context. *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB (June 25, 2013). In *Pragmatus*, the case management order specifically contemplated the early service of contention interrogatories. Under those unique circumstances, Magistrate Judge Burke ordered the plaintiff to respond to a validity contention interrogatory. There is no similar provision in the Case Management Order in this case that provides a basis to compel Dragon to respond to an early contention interrogatory of this type, or to depart from the general rule disfavoring early contention interrogatories.

**Other Discovery Requests Are Not Relevant To The Propriety Of Defendants' Request**

Without any supporting authority or an effort to explain how granting their request would advance the litigation, Defendants devote the vast majority of their letter to arguing that Dragon should be required to respond to an early contention interrogatory because Dragon served an interrogatory seeking the basis for Defendants' non-infringement positions. These arguments do not justify granting Defendants' request.

First, the content of other discovery requests does not mean that Interrogatory No. 12 is proper or justifiable. Nor does it mean that the case will be advanced in any way if Dragon were to be required to accelerate its expert work to respond to Defendants' invalidity contentions.

Second, Defendants have aggressively asserted that they do not infringe the '444 Patent. Five of the ten Defendants filed a discovery motion that was rejected in November 2014, in which they argued that Dragon's infringement contentions could not possibly capture their devices, and sought an early summary judgment proceeding based on these arguments. (*See* 13-cv-2063 at D.I. 57.) All Defendants attended the hearing, and expressed their support for the moving defendants. Given Defendants' strongly asserted non-infringement positions, Dragon sought a more complete understanding of each Defendant's position through its interrogatory.

Third, Defendants did not claim that Dragon's interrogatory was improper in any way, or that they could not answer the interrogatory without resort to expert testimony. This made sense, in light of the arguments Defendants' previously made to the Court.

Finally, the work required for Dragon to respond to Interrogatory No. 12 is in no way comparable to the work necessary associated with responding to Dragon's non-infringement interrogatory. Defendants are familiar with the manner in which their products work, and each Defendant has asserted non-infringement positions that apply across all of their products. *See, e.g.,* Ex. C (Apple's Response To Dragon's Interrogatory). Dragon has no corresponding familiarity with the prior art references on which Defendants' invalidity contentions are based, and a response to Interrogatory No. 12 would require a far greater effort to develop a response to each of the more than sixty identified bases of alleged invalidity.



The Honorable Richard G. Andrews
February 17, 2015
Page 4

Respectfully submitted,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman (sb0922)

cc: All counsel