IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-2058 (RGA) |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-2061 (RGA) |
| | ) | |
| AT&T SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-2062 (RGA) |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-2063 (RGA) |
| | ) | |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

DRAGON INTELLECTUAL PROPERTY, LLC, )
)
Plaintiff, )
)
v. )  C.A. No. 13-2064 (RGA)
)
COX COMMUNICATIONS INC., )
)
Defendant. )

DRAGON INTELLECTUAL PROPERTY, LLC, )
)
Plaintiff, )
)
v. )  C.A. No. 13-2065 (RGA)
)
DIRECTV LLC, )
)
Defendant. )

DRAGON INTELLECTUAL PROPERTY, LLC, )
)
Plaintiff, )
)
v. )  C.A. No. 13-2066 (RGA)
)
DISH NETWORK, LLC, )
)
Defendant. )

DRAGON INTELLECTUAL PROPERTY, LLC, )
)
Plaintiff, )
)
v. )  C.A. No. 13-2067 (RGA)
)
SIRIUS XM RADIO INC., )
)
Defendant. )

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-2068 (RGA) |
| | ) |
| TIME WARNER CABLE INC., | ) |
| | ) |
| Defendant. | ) |
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-2069 (RGA) |
| | ) |
| VERIZON COMMUNICATIONS INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT
OF THEIR MOTION TO STAY**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

I. NATURE AND STAGE OF PROCEEDINGS .................................................... 1

II. SUMMARY OF THE ARGUMENT ................................................................. 1

III. STATEMENT OF FACTS ................................................................................ 2

IV. ARGUMENT.................................................................................................... 3

    A.    A Stay Will Simplify the Issues for Trial ............................................... 3

    B.    Discovery Is Not Complete and No Trial Date Has Been Set ................. 6

    C.    Dragon Will Not Suffer Undue Prejudice.............................................. 7

    D.    Defendants Are Willing to Stipulate to Estoppel for the Prior Art
        Relied Upon by the PTAB ..................................................................... 8

    E.    DISH Has Filed a Separate IPR Challenging All Asserted Claims
        of the '444 Patent................................................................................. 11

V. CONCLUSION................................................................................................ 11

TABLE OF AUTHORITIES

Page(s)

CASES

*AIP Acquisition LLC v. Level 3 Commc'ns, LLC,*
No. 12-617-GMS (D. Del. Jan. 9. 2014)...............................................................................10

*CANVS Corp. v. Nivisys, LLC,*
No. 14-99-FTM-38DNF, 2014 WL 6883123 (M.D. Fla. Dec. 5, 2014)...................................11

*Fresenius USA, Inc. v. Baxter Int'l, Inc.,*
721 F.3d 1330 (Fed. Cir. 2013)..............................................................................................6

*In re Bear Creek Techs., Inc. ('722) Patent Litig.,*
No. 12-2344-GMS (D. Del. Aug. 6, 2013) ......................................................................10, 11

*In re Translogic Tech., Inc.,*
504 F.3d 1249 (Fed. Cir. 2008).............................................................................................6

*Infinite Data v. Amazon.com, Inc.,*
No. 12-1616-RGA, 2014 WL 266798 (D. Del. Jan. 23, 2014).................................................8

*Intellectual Ventures v. Huntington Bancshares, Inc.,*
No. 13-785, 2014 WL 2589420 (S.D. Ohio June 10, 2014).....................................................11

*Neste Oil OYJ v. Dynamic Fuels, LLC,*
No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ...............................................8

*One Stockduq Holdings, LLC v. Becton, Dickinson and Co.,*
No. 12-3037 (W.D. Tenn. Nov. 12, 2013)..............................................................................7

*Parallel Networks, LLC v KOG Games, Inc.,*
No. 13-178-RGA (D. Del. Feb. 4, 2014) .........................................................................5, 7

*Riverbed Tech. Inc. v. Silver Peak Sys. Inc.,*
No. 11-484-RGA (D. Del. Sept. 11, 2013) ............................................................................6

*Round Rock Research LLC v. Dole Food Co., Inc.,*
Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022 (D. Del. Apr.
6, 2012) .................................................................................................................3, 7, 8, 11

*Safe Storage LLC v. Dell Inc.,*
No. 12-1624-GMS (D. Del. Jan. 22, 2015)...........................................................................10

*SenoRx, Inc. v. Hologic, Inc.,*
No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013) ............................................7

- ii -

*Softview LLC v. Apple Inc.*,
    No. 10-389-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013) ...................................................8

*Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*,
    No. 14-549-ODW, 2015 WL 857888 (C.D. Cal. Feb. 27, 2015) ...........................................11

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
    250 F. App'x 988 (Fed. Cir. 2008) ....................................................................................6

## STATUTES

35 U.S.C. § 101 .............................................................................................................................9

35 U.S.C. § 102 .............................................................................................................................9

35 U.S.C. § 103 .........................................................................................................................9, 10

35 U.S.C. § 112 ...........................................................................................................................10

35 U.S.C. § 315(e)(2) ...................................................................................................................9

## OTHER AUTHORITIES

*Changes to Implement Inter Partes Review Proceedings*, 77 Fed. Reg. 157
    (Aug. 14, 2012) .............................................................................................................4

Fed. R. Civ. P. 26(a)(1)..................................................................................................................2

## I.     NATURE AND STAGE OF PROCEEDINGS

Defendants Apple Inc., AT&T Services, Inc., Charter Communications, Inc., Comcast Cable Communications, LLC, Cox Communications, Inc., DIRECTV LLC, DISH Network L.L.C., Sirius XM Radio Inc., Time Warner Cable Inc., and Verizon Communications Inc. (collectively, "Defendants") respectfully move the Court to stay these related patent infringement cases brought by Plaintiff Dragon Intellectual Property, LLC ("Dragon") pending *Inter Partes* Review ("IPR") of U.S. Patent No. 5,930,444 ("the '444 patent").   The Patent Trial and Appeal Board of the United States Patent and Trademark Office (the "PTAB") has instituted an IPR of Claims 1, 2, 7, 8, 10, 13, and 14 of the '444 patent.   Exhibit 1.[1]   Defendants are not participants in the IPR but believe that a stay is appropriate because the IPR is likely to simplify the proceedings and avoid unnecessary waste of the Court's and the parties' resources.   Defendants request a stay of all matters pending the PTAB's final determination of the instituted IPR.

## II.    SUMMARY OF THE ARGUMENT

Defendants have promptly moved for a stay after the PTAB granted the IPR on February 12, 2015.   The three factors that the Court considers in deciding whether to grant a stay weigh heavily in favor of a stay in this case.   First, a stay could greatly simplify the issues for trial and could potentially eliminate the litigations.   If the PTAB ultimately determines that all of the claims at issue in the IPR are invalid, such a ruling would resolve this litigation entirely for certain defendants and would likely resolve it for the rest.   If the PTAB maintains its present position, the granted IPR would eliminate all of Dragon's asserted claims with the exception of two dependent claims that add nothing of substance and that are only asserted against some Defendants.   Even if a subset of the asserted claims were to survive the IPR proceedings, a stay

---

[1]    The exhibits referenced here are attached to the Declaration of Ethan H. Townsend, filed herewith.

would still simplify the issues for discovery, claim construction, expert reports and trial because Defendants will agree to a limited estoppel and the IPR proceedings will likely clarify the scope of the claims based, for example, on positions taken by Dragon in the IPR. Second, discovery is far from complete, and no trial dates have been set. Third, Dragon will not be unduly prejudiced because it does not compete with Defendants. In fact, it is merely a patent holding entity and does not provide any products or services and was formed solely for the purpose of bringing the instant lawsuit shortly after acquiring the patent-in-suit.

## III.   <u>STATEMENT OF FACTS</u>

Dragon filed these actions on December 20, 2013. On October 8, 2014, Dragon served infringement contentions alleging that each Defendant infringes all of, or some subset of, Claims 1, 2, 3, 4, 7, 8, and 10 of the '444 patent. The parties' joint claim construction brief is due on March 19, 2015, and a Markman hearing is set for April 20, 2015. *See* Scheduling Order, D.I. 13 in C.A. No. 13-2068 (RGA). No trial dates have been set. *Id.*

Limited discovery has occurred to date, with the parties having provided each other with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and having served some initial discovery requests. Document production is ongoing and is scheduled to be substantially complete by May 15, 2015. *Id.* No party depositions have been noticed, and expert discovery has not yet begun.

On February 12, 2015, the PTAB issued its decision in Case IPR2014-01252 instituting an *inter partes* review of Claims 1, 2, 7, 8, 10, 13, and 14 of the '444 patent, finding that the Petitioner, Unified Patents, LLC ("Unified"), has demonstrated a reasonable likelihood of prevailing in its effort to invalidate these claims. These claims include the only independent claim that Dragon asserts against Defendants (Claim 1), as well as four of the dependent claims that Dragon also asserts in various combinations against each Defendant (Claims 2, 7, 8, and 10).

Dependent Claims 3 and 4 are Dragon's only asserted claims (asserted against only some Defendants) that the Unified IPR does not cover. By statute, the USPTO is scheduled to complete the IPR by February 12, 2016.[2] Following institution, Defendants promptly met and conferred with Dragon and brought the instant motion.[3]

## IV.   ARGUMENT

This Court weighs three factors in determining whether to grant a stay of litigation pending USPTO reexamination proceedings: "(1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *Round Rock Research LLC v. Dole Food Co., Inc.*, Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012). All three factors favor a stay in this case.

### A.   A Stay Will Simplify the Issues for Trial

A stay pending the IPR of the '444 patent will greatly simplify the issues for trial and could potentially reduce or eliminate the need for further litigation of that patent. For certain Defendants, such as Apple, every one of the claims that Dragon asserts against them are part of the instituted Unified IPR. As to the two dependent claims that are asserted against other Defendants and that are not subject to the presently instituted IPR, they add trivial and well-known features to the claimed system and are unlikely to be enforced if the other claims are cancelled. According to Congress, the "purpose of the Leahy-Smith America Invents Act and

---

[2]   The Director of the USPTO may, for good cause shown, extend the one-year period by not more than six months, but the experience with the PTAB panels to date is that they issue their final determinations early, sometimes well before the one-year deadline.

[3]   As part of the meet and confer process, Defendants shared their brief prior to filing the instant motion.

this final rule is to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes to Implement Inter Partes Review Proceedings*, 77 Fed. Reg. 157 (Aug. 14, 2012). If the PTAB ultimately determines that all of the claims of the '444 patent under review are invalid, such a ruling would end entirely the cases against certain Defendants, and as to other Defendants, would dramatically reduce the issues for trial and would likely bring these cases to an end as well, exactly as Congress intended.

Statistics show that the PTAB is likely to invalidate Dragon's claims. For example, a panel of PTAB Administrative Law Judges made a January 2015 presentation to the Annual EDVA Patent CLE, which is attached as Exhibit 2. The PTAB panel, reviewing statistics for findings of unpatentability in the 208 Final Written Decisions issued by the PTAB as of January 15, 2015, reported that:

- In 83% of the Final Written Decisions on IPRs, the PTAB found all or some of the claims unpatentable.
- In 62% of the Final Written Decisions on IPRs, the PTAB found *all* of the claims unpatentable.
- In only 17% of the cases did the PTAB panel find none of the instituted claims to be unpatentable.

Exhibit 2 at 44, 48.

The USPTO website has also posted certain statistics about the number of claims found unpatentable by the PTAB (attached as Exhibit 3).[4] Of the claims addressed on the merits, 77% of claims were found unpatentable (2176 of 2819). *Id.* When one includes claims that the patentee admitted to be unpatentable and cancelled (before a final merits determination by the

---

[4]    United States Patent and Trademark Office, *Inter Partes Review Petitions Terminated to Date (As of 1/15/2015)*, *h*ttp://www.uspto.gov/sites/default/files/documents/inter_partes_review_petitions_terminated_to _date%2001%2015%202015.pdf (last visited Feb. 17, 2015).

PTAB), then 83% of claims were found to be unpatentable (3069 of 3712).  *Id.* Looking across all claims upon which IPRs were instituted, the PTAB found only 10% of those claims to be patentable.  *Id.*

The only claims asserted in the present litigation against some Defendants that are unchallenged in the Unified IPR both depend on Claim 1 and merely add a remote control (Claim 3)[5] that uses infrared (Claim 4)[6].  The IPR challenged the validity of Claim 1, and the PTAB spent considerable time addressing the argument before concluding that there is a "reasonable likelihood that [Unified] would prevail in demonstrating the unpatentability of independent claim 1."  Exhibit 1 at 20.  Infrared remote controls were unquestionably well known at the time, and if these are the only surviving claims, this Court can easily address their validity after the IPR concludes, assuming Dragon would even try to assert them.  Thus, a stay would likely simplify the issues relating to discovery, claim construction, expert reports and trial. *See Parallel Networks, LLC v KOG Games, Inc.*, No. 13-178-RGA, Tr. at 66:16-19 (D. Del. Feb. 4, 2014) (Exhibit 4).

Without a stay, the time, expense, party resources, and judicial resources dedicated to resolving issues surrounding the current claims will likely be unproductive.  Moreover, an IPR of the '444 patent will add significantly to the intrinsic record.  The totality of this intrinsic record should be taken into account for, at a minimum, issues related to contentions and claim construction.  *Id.* at 24:23-26:15.  Further, if these cases and the IPR proceed simultaneously, and Dragon is able to obtain a jury verdict on the '444 patent before conclusion of the IPR, the

---

[5]   "3. The apparatus as set forth in claim 2, further comprising means for wireless communication between said remote control unit and said control circuit."

[6]   "4. The apparatus as set forth in claim 3, wherein said means for wireless communication is infra red."

PTAB's subsequent determination in the IPR that the claims of the '444 patent are invalid would trump the jury verdict. *See, e.g.*, *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) (holding that Patent Office's final determination of invalidity moots plaintiff's cause of action and requires district court's judgment, on appeal, to be vacated); *In re Translogic Tech., Inc.*, 504 F.3d 1249 (Fed. Cir. 2008) (holding patent invalid on reexamination that had been previously upheld by a jury); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 F. App'x 988 (Fed. Cir. 2008) (vacating jury verdict of $86 million in damages as a result of affirmance of PTO finding of invalidity on reexamination).

For these reasons, proceeding with the district court cases in parallel with the pending IPR proceeding will only complicate the issues before the Court and could result in duplicative, unnecessary, and wasteful effort by this Court and the parties.

## B.    Discovery Is Not Complete and No Trial Dates Have Been Set

Although the Court has entered a Scheduling Order, trial dates have not been set and, as discussed above, only minimal discovery has occurred.  Even where some discovery has occurred and a trial date has been set, this Court has found that the simplification achieved through USPTO procedures can justify a stay. *See Riverbed Tech. Inc. v. Silver Peak Sys. Inc.*, No. 11-484-RGA, slip op. at 1 (D. Del. Sept. 11, 2013) ("[S]implification favors a stay.  It appears reasonably likely that two of the three patents will go away, and, if they do not, invalidity challenges will be limited due to the binding effect of the *inter partes* reexam.  The *Markman* decision on the two patents may never need to be issued.") (Exhibit 5).  Thus, this factor weighs strongly in favor of granting Defendants' motion to stay. *See SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *6 (D. Del. Jan. 11, 2013) (favoring stay pending reexamination where parties were six months into litigation and discovery was just beginning).

C.  **Dragon Will Not Suffer Undue Prejudice**

Dragon will suffer no undue prejudice from a stay.  The PTAB has already decided to institute an IPR and is scheduled to rule by February 12, 2016.  A stay pending final resolution of the IPR would not significantly prejudice Dragon, especially because Dragon does not seek a preliminary injunction, and the IPR should significantly simplify the issues that need to be litigated.  *See One Stockduq Holdings, LLC v. Becton, Dickinson and Company*, No. 12-cv-03037-JPM, slip op. at 11, D.I. 85 (W.D. Tenn. Nov. 12, 2013) (granting motion to stay pending *inter partes* review and finding "to the extent that Plaintiff suffers any prejudice as a result of the delay, the prejudice is outweighed by the benefits of the Court having the record of the *inter partes* review proceeding, which will assist the Court in reducing the complexity and length of the litigation" (internal quotation omitted)) (Exhibit 6).  This Court has also found that prejudice claimed by a plaintiff such as memories fading, losing some amount of licensing opportunity or value, and the denial of a day in court chosen by the plaintiff are merely generic factors that are present in every case and do not cause undue prejudice.  *Parallel Networks*, Tr. at 66:2-14.  Where, as here, the alleged invention occurred twenty-three years ago (before April 1992), this factor should be given little weight.

Dragon also will not be unduly prejudiced because it does not compete with Defendants.  In fact, it does not make any products or provide any services at all.  *See Round Rock Research*, 2012 WL 1185022, at *1 (granting motion to stay pending reexamination where parties were not competitors); *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (noting that relationship factor weighed in favor of stay where parties were not "direct" competitors).  Dragon became the exclusive assignee of the '444 patent on November 6, 2012, solely to prosecute these actions and, thus, cannot claim any harm in the marketplace or entitlement to injunctive relief.  *See, e.g.*, *Softview LLC v. Apple Inc.*, No.

7

10-389-LPS, 2013 WL 4757831, at *1-2 (D. Del. Sept. 4, 2013) (granting motion to stay pending *inter partes* review before launching parties into expense of expert discovery and "given that [plaintiff] is a non-practicing entity and not seeking injunctive relief, the limited delay . . . resulting from the Court's order should not severely prejudice [plaintiff]"). Because Dragon is not a competitor of Defendants, the prejudice from delay, if any, would be minor. *Infinite Data v. Amazon.com, Inc.*, No. 12-1616-RGA, 2014 WL 266798, at *1 (D. Del. Jan. 23, 2014) ("Infinite Data is not a competitor, so it can be recompensed by monetary damages. Thus, any prejudice is not particularly great, as a monetary judgment at a later time should still adequately compensate Infinite Data for its injury.").

Furthermore, although many Defendants commenced their public use of the allegedly infringing products (live pause) several years ago and the '444 patent issued on July 27, 1999, neither the inventor nor any assignee of the '444 patent has asserted any infringement allegations until the lawsuits were filed on December 20, 2013. Given that long delay, Dragon cannot credibly claim undue prejudice by a short additional delay involving a more expeditious and judicial-like process that provides an even stronger justification for a stay than would the previously available reexamination proceedings. Additionally, Dragon will not be prejudiced in that Defendants have already produced core technical documents, as well as other documents, and in some cases have produced source code. As such, there is no danger of loss of evidence beyond the loss that was already present due to Dragon's own delay in asserting the patent.

D.      **Defendants Are Willing to Stipulate to Estoppel for the Prior Art Relied Upon by the PTAB**

As a condition for the Court granting this Motion to Stay, Defendants would be willing to stipulate that they will not assert as prior art in the District Court litigation the specific prior art combinations used to initiate the IPR that are ultimately relied upon by the PTAB in a final

written decision in the IPR with regard to the claims asserted in this action. Specifically, should any of the challenged claims of the '444 patent survive the IPR after a final, non-appealable judgment on the merits[7] that addresses such claims without being amended, narrowed, or substituted, and to the extent estoppel under 35 U.S.C. § 315(e)(2)[8] does not apply, each Defendant shall be estopped from challenging the validity of such claims as being obvious under 35 U.S.C. § 103, on the basis of the one or more specific combinations of prior art the PTAB reached in said final, non-appealable judgment as to said surviving claim(s).

More particularly, under Defendants' proposal, Defendants would not be estopped from asserting that the '444 patent is invalid under sections 102 or 103 in light of different prior art or different combinations of prior art, for failure to satisfy the requirements of 35 U.S.C. § 101, 112, or on any other ground or theory not specifically identified above. For the avoidance of doubt, this estoppel would also not prevent any Defendant from challenging the validity of any challenged claim based on PCT Publication WO 89/12896 with certified translation ("Ulmer") in combination with a different prior art reference, U.S. Patent No. 5,241,428 ("Goldwasser") in combination with a different prior art reference, or Ulmer and Goldwasser in combination with a different prior art reference.

Defendants' proposal, outlined above, is consistent with and mirrors the scope of estoppel this Court has previously adopted. *See, e.g.*, *Safe Storage LLC v. Dell Inc.*, No. 12-1624-GMS,

---

[7]   The term "final, non-appealable judgment on the merits" excludes situations in which the Unified Patents IPR is terminated due to settlement (including, for example, on the basis of a "Judgment Termination of the Proceeding"), or otherwise terminated in a manner that does not address the merits of the arguments made in support of the petition, such as, for example, as a result of Dragon's disclaimer of one or more claims at issue in the petition (including, for example, on the basis of a "Judgment Disclaimer of Claim").

[8]   Statutory estoppel may apply to DISH Network L.L.C. ("DISH") with respect to a separate petition for *inter partes* review that it filed on December 23, 2014.

slip op. at 2 n.4 (D. Del. Jan. 22, 2015) ("Questions of patent validity will certainly be narrowed or eliminated entirely, and each of the moving defendants (whether by statute or by agreement) is estopped from rearguing questions addressed by the PTAB.") (Exhibit 7); *AIP Acquisition LLC v. Level 3 Commc'ns, LLC*, No. 12-617-GMS, slip op. at 6-7 (D. Del. Jan. 9. 2014) ("Further, the prejudice against AIP resulting from a stay of the Cable Cases is reduced by the Cable defendants stipulation to a limited estoppel regarding invalidity arguments adjudicated during the IPR proceeding.") (Exhibit 8); *In re Bear Creek Techs., Inc. ('722) Patent Litig.*, No. 12- 02344-GMS, slip op. at 1 (D. Del. Aug. 6, 2013) (limiting effect of estoppel to "challenging the validity of such claims as being obvious under 35 USC § 103, on the basis of the one or more combinations of prior art asserted by [petitioner] and used by the PTO in its findings") (Exhibit 9).  This approach makes sense because where, as here, Defendants are not parties to the IPR, it would be "more unfair to condition a stay on Defendants' being bound by arguments raised in a proceeding over which they have no control." *Intellectual Ventures v. Huntington Bancshares, Inc.*, No. 13-785, 2014 WL 2589420, at *5 (S.D. Ohio June 10, 2014). [9]

---

[9]    Courts have routinely granted a stay where the party seeking the stay was not the party who had filed the IPR.  *See, e.g., Round Rock Research LLC*, 2012 WL 1185022, at *1 (granting stay in litigation where "[a] party who is not a defendant in this litigation requested that the PTO reexamine" most of the independent claims of the asserted patents); *In re Bear Creek Techs., Inc. ('722) Patent Litig.*, No. 12- 02344-GMS, slip op. at 1-2 (D. Del. Aug. 6, 2013) (explaining that the Court granted a stay in its July 17, 2013 Order, subsequently applying a narrower limited estoppel to the defendants, who were not the IPR petitioner); *Intellectual Ventures v. Huntington Bancshares, Inc.*, No. 13-785, 2014 WL 2589420, at *4 (S.D. Ohio June 10, 2014) ("Now that multiple non-parties have sought IPR of the patents-in-suit . . . it would defy common sense for this litigation to proceed alongside the IPR proceedings simply because Defendants are not statutorily prohibited from raising the same or similar arguments as the IPR petitioners."); *Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*, No. 14-cv-00549-ODW, 2015 WL 857888, at *4 (C.D. Cal. Feb. 27, 2015) (granting Defendant's motion to stay pending PTAB's institution decision on two non-parties' petitions for IPR of asserted patents); *CANVS Corp. v. Nivisys, LLC*, No. 14- 99, 2014 WL 6883123, at *5 (M.D. Fla. Dec. 5, 2014) (granting defendant's renewed motion to stay after PTAB granted non-party's petition for IPR of asserted patent).

Based on Defendants' meet and confer with Dragon, Dragon seems to only be agreeable to a stay if Defendants are subject to the full estoppel imposed under the statute. However, Defendants would not be agreeable to a broader estoppel than outlined above, as that would affect Defendants' due process rights as they have no control over the IPR proceeding.

### E.  DISH Has Filed a Separate IPR Challenging All Asserted Claims of the '444 Patent

Defendant DISH filed its own petition for *inter partes* review on December 23, 2014. The DISH petition challenges all asserted claims in all Dragon lawsuits before this Court, including dependent Claims 3 and 4, which were not challenged in the Unified Patents IPR. DISH anticipates a decision from the PTAB on this petition by late June 2015. Given the grant of the Unified Patents IPR, institution of the DISH IPR is likely.

## V.  CONCLUSION

The PTAB has instituted an IPR that will simplify the invalidity issues before this Court. Judicial and party resources would be wasted by continuing to litigate these cases until the PTAB issues its final written decision and any appeals are completed. Accordingly, Defendants respectfully ask the Court to stay any further proceedings pending final disposition of the IPR.

POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Apple Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ethan H. Townsend*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Ethan H. Townsend (#5813)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
etownsend@mnat.com

*Attorneys for Defendant AT&T Services, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ethan H. Townsend

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Ethan H. Townsend (#5813)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
etownsend@mnat.com

*Attorneys for Defendant
Charter Communications, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ethan H. Townsend

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Ethan H. Townsend (#5813)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
etownsend@mnat.com

*Attorneys for Defendant Cox Communications,
Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ethan H. Townsend

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Ethan H. Townsend (#5813)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
etownsend@mnat.com

*Attorneys for Defendant Comcast Cable
Communications, LLC*

ASHBY & GEDDES

/s/ Lauren E. Maguire

Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant DIRECTV LLC.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant DISH Network L.L.C.*


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ethan H. Townsend*

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Ethan H. Townsend (#5813)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
etownsend@mnat.com

Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant Time Warner Cable Inc.*

March 17, 2015

POTTER ANDERSON & CORROON LLP

*/s/ Philip A. Rovner*

Philip A. Rovner (#3125)
Jonathan A. Choa (#5319)
Hercules Plaza,
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant Sirius XM Radio, Inc.*


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ethan H. Townsend*

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Ethan H. Townsend (#5813)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
etownsend@mnat.com

*Attorneys for Defendant Verizon Communications Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 17, 2015, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
Sara E. Bussiere, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Attorneys for Plaintiff*

Robert E. Freitas, Esquire                                  *VIA ELECTRONIC MAIL*
Jason S. Angell, Esquire
QuynhChi Nguyen, Esquire
Jessica N. Leal, Esquire
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
*Attorneys for Plaintiff*

*/s/ Ethan H. Townsend*
_____
Ethan H. Townsend (#5813)