**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br> v. <br><br> APPLE INC., <br><br> Defendant. | C.A. No. 13-2058-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br> v. <br><br> AT&T SERVICES, INC., <br><br> Defendant. | C.A. No. 13-2061-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | C.A. No. 13-2062-RGA |

Case 1:13-cv-02058-RGA   Document 107   Filed 11/11/15   Page 2 of 11 PageID #: 2789

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Defendant. | C.A. No. 13-2063-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.,<br><br>Defendant. | C.A. No. 13-2064-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV LLC,<br><br>Defendant. | C.A. No. 13-2065-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE INC.,<br><br>Defendant. | C.A. No. 13-2068-RGA |

-1-

DRAGON INTELLECTUAL
PROPERTY, LLC,

            Plaintiff,

  v.

VERIZON COMMUNICATIONS INC.,

            Defendant.

C.A. No. 13-2069-RGA

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Movants established that good cause exists for withdrawal, and the existence of good cause has not been challenged. Instead, five defendants[1] represented by Winston & Strawn LLP filed an opposition arguing that the Court should deny withdrawal because a motion under Rule 11 was purportedly served after Movants provided formal notice of their intention to seek leave to withdraw. Under Third Circuit law, the time for service of a Rule 11 motion based on the theory presented by the Winston Defendants passed long ago. The motion therefore could not provide a basis for denial of leave to withdraw, even if it had been served on Dragon's lawyers.

The opposition filed by AT&T and DIRECTV similarly claims service of Rule 11 motions, but acknowledges that no attempt to serve a motion was made until after Movants filed their motion for leave to withdraw. AT&T and DIRECTV also claim that, on October 28, 2015, before their motions were prepared, Dragon's lawyers agreed to "answer" them. There was no such agreement, and the AT&T and DIRECTV motions have not been served on Dragon's lawyers. The motions are, under the rule established by the Third Circuit in 1988, and the 1993 amendment to Rule 11, untimely, and could not justify denial of leave to withdraw.

---

[1] Charter Communications, Inc., Comcast Cable Communications, LLC, Cox Communications, Inc., Time Warner Cable Inc. and Verizon Communications Inc. are hereinafter referred to as the "Winston Defendants."

Like the other defendants, Apple did not serve a Rule 11 motion within the time required by law.  Unlike the other defendants, Apple does not rely on a claim of post-notice or post-filing service of a belated motion.  Apple argues that withdrawal should not be allowed unless Dragon secures replacement counsel.  The Court has already made clear that the case will be dismissed if Dragon does not do so.  Apple's comments do not provide a basis on which withdrawal can be conditioned or denied.

## I.    A RULE 11 MOTION IS NOT AVAILABLE TO THE DEFENDANTS.

### A.    The Defendants' Motions Are Untimely.

Nearly thirty years ago, the Third Circuit required that Rule 11 motions be promptly filed.  *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99-100 (1988).  In *Mary Ann Pensiero*, the Third Circuit adopted a supervisory rule requiring "prompt action by a litigant whenever a Rule violation appears." *Id.* at 99.  A Rule 11 motion must be filed before entry of judgment. *Id*. at 100.  "Where appropriate," as where the allegation is that a complaint was baseless when filed, "such motions should be filed at an earlier time—as soon as practicable after discovery of the Rule 11 violation." *Id*.

The Third Circuit rule is reflected in the later adopted Advisory Committee Notes on the 1993 amendment ("Advisory Committee Notes") to Rule 11.  ("Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely.").  The timeliness requirement is widely applied across the circuits.  "When the individual defendants in this case failed to file their Rule 11 motion for two years and nine months following the alleged abuse, the purposes behind Rule 11 were not served.  '[P]rompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve its therapeutic purpose.'" *General Motors Acceptance Corp. v. Bates,* 954 F.2d 1081, 1086 (5th Cir. 1992) (quoting *In re Yagman*, 796 F.2d 1165, 1183 (9th Cir. 1986)); *Kaplan v. Zenner* (7th

Cir. 1992) 956 F.2d 149, 150–51 (citing *Mary Ann Pensiero*, 847 F.2d at 100).  Given the clear

Third Circuit rule, if the defendants believed Dragon's complaints presented a violation of Rule

11, they would have acted promptly, rather than after receiving notice of Movants' intention to

seek leave to withdraw, or after the motion for leave was filed.  *See Mellon Bank Corp. v. First*

*Union Real Est. Eq. & Mortg. Invs.*, 951 F.2d 1399, 1413 (3d Cir. 1991) ("Not only was First

Union's delay in seeking Rule 11 sanctions telling, but the delay was also in violation of the

supervisory rule we announced in [*Mary Ann Pensiero*].").

If, as the defendants claim, Dragon's complaint was baseless as a result of a prosecution

history disclaimer, all of the facts necessary to a baselessness conclusion were known to the

defendants by early 2014, and a Rule 11 motion was plainly "practicable" at that time.  *See*

*Morgan v. Covington Twp.*, 2013 WL 4538637, at *3 (M.D. Pa. Aug. 27, 2013) ("In view of the

fact that *Guarniery* was decided over two years before the Rule 11 motion was docketed in this

action, it cannot be said that defendants' motion for sanctions was filed 'as soon as practicable

after discovery of the Rule 11 violation.'") (citing *Mary Ann Pensiero*, 847 F.2d at 100).

Comments about purported "warnings" that did not translate into action are not a substitute for

compliance with the law.  *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767-68 (6th

Cir. 2014); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998); *Barley v. Fox Chase Cancer Ctr.*,

54 F. Supp. 3d 396, 407 (E.D. Pa. 2014) ("[M]any Circuit courts have found that sending an

informal letter instead of serving a Rule 11 motion fails to comply with the Rule's

obligations.'"); *Albibi v. Tiger Mach. Co., Ltd.*, 2014 WL 3548312, at *2 (D.N.J. July 17, 2014).

**B.      A Litigant "Cannot" Serve A Rule 11 Motion After "Judicial Rejection Of The Offending Contention."**

The post-notice motion the Winston Defendants emailed on October 28, and the post-

filing motions emailed by AT&T and DIRECTV on November 6, violated another clear and

well-established Rule 11 timing standard. "Given the 'safe harbor' provisions discussed below," the Advisory Committee stated, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." *See* Advisory Committee Notes. A party "cannot" do what the defendants attempted to do after receiving notice that Movants would seek leave to withdraw, and, in the case of AT&T and DIRECTV, after they had done so.

The Third Circuit has applied the rule stated by the Advisory Committee. *See In re Miller*, 730 F.3d 198, 206 (3d Cir. 2013) (Fed. R. Bankr. P. 9011) ("a party cannot delay serving its Rule 11 motion ... until conclusion of the case (or judicial rejection of the offending contention) [ ] as it would effectively be too late to withdraw or correct the offending act(s). To conclude otherwise would allow a party seeking sanctions to deprive the target of the opportunity to escape them by withdrawal or correction, a crucial component of Rule []11.") (quoting Advisory Committee Notes). *See also Albibi*, 2014 WL 3548312, at *2 ("Here, as Cambridge's Motion was not filed until after this Court rendered its summary judgment opinion, the Motion was untimely.") (quoting Advisory Committee Notes).

The Winston Defendants' motion was emailed seven weeks after the Court's claim construction order, and the AT&T and DIRECTV motions nine days later. That is too late.

## C.    The Circumstances Surrounding The Winston Defendants' Belated Rule 11 Motion.

The Winston Defendants' motion is untimely, so the circumstances preceding the belated emailing of the motion are not of great significance to any matters before the Court. Those circumstances show, however, that the claim of "prejudice" presented by the Winston Defendants is based on an attempt to manufacture "prejudice" after the Winston Defendants were provided notice that Movants would seek leave to withdraw.

On the day the Court's claim construction order was issued, the Winston Defendants contacted Dragon to propose discussing "next steps." A call was scheduled and conducted on Friday, September 11, 2015, two days after the order. (Angell Decl., ¶ 2; Ex. 1.) During the September 11 call, the Winston Defendants proposed that, in light of the Court's claim construction, Dragon should stipulate to non-infringement. Dragon agreed. The Winston Defendants then suggested that the best approach would be for the defendants to provide Dragon with a comprehensive set of undisputed facts that could provide a basis for a stipulation to non-infringement. (Dragon again agreed. *Id*., ¶ 3.)

The Winston Defendants emphasized that an appeal presenting as many issues as possible was desirable to ensure that, in the event of reversal or modification of the Court's claim construction, a more efficient remand proceeding would result. (*Id*.) The Winston Defendants agreed to coordinate the collection of undisputed facts with the other defendants, and provide a proposed set of undisputed facts and a non-infringement stipulation to Dragon. (*Id*.) The Winston Defendants acknowledged their commitment to provide proposed stipulated facts on multiple occasions, the last on October 1. (Ex. 2.) The next communication from the Winston Defendants was an email sent after Movants provided notice of this motion. (Angell Decl., ¶ 5.) The Winston Defendants never sent Dragon any proposed stipulated facts.

Movants notified all parties on October 27 by telephone and email of their intention to seek leave to withdraw. (Ex. 3.) On the morning of October 28, the Winston Defendants sent an email at 8:58 a.m. EST to Movants indicating that they had received notice, and stating that they wished to discuss Movants' motion the next day. (Ex. 4.) Movants declined to defer the discussion, and, at 10:55 a.m. EST, the Winston Defendants sent an email attaching the Rule 11 motion that provides the basis for the Winston Defendants' opposition to Movants' request.

-6-

During the two hours after the Winston Defendants asked to defer the discussion of Movants' request for leave, the Winston Defendants were apparently rushing to put together a Rule 11 motion. The motion was copied in large part from a Rule 11 brief filed in *Vehicle Operation Technologies* and this Court's order in that case.

## II.    MOVANTS HAVE NOT BEEN SERVED WITH RULE 11 MOTIONS.

The Winston Defendants' opposition is based on the suggestion that Movants have been served with a Rule 11 motion, but that is not true. AT&T and DIRECTV make similar contentions, also incorrect.

A Rule 11 motion "must be served under Rule 5." Fed. R. Civ. P. 11(c)(2). Movants were not "served under Rule 5" with the Winston Defendants' motion, or the subsequent motions emailed by AT&T and DIRECTV. Thus, no motion had been served when Movants' motion was filed and no motion has been served by the Winston Defendants, or AT&T and DIRECTV, as of today.

The Winston Defendants emailed an "Opening Brief In Support of Defendants' Motion to Dismiss With Prejudice and Monetary Sanctions for Violation of Rule 11" to some of Dragon's lawyers. AT&T and DIRECTV also emailed "opening briefs" to some of Dragon's lawyers. The defendants did not take any of the actions required under Rule 5 to serve the lawyers. Rule 5(b)(2)(E) allows service on a "person" by "sending it by electronic means if the person consented in writing," but none of Dragon's lawyers "consented in writing" to be served by electronic means. Dragon consented to email service, but none of its lawyers did. (*See* Joint Rule 16 Scheduling Order filed April 1, 2014 at ¶ 8.) The Winston Defendants' hasty email of October 28 did not accomplish "serv[ice] under Rule 5" on Movants, and neither did the subsequent emails sent by AT&T and DIRECTV.

-7-

In other cases, some have argued that ECF registration constituted consent to electronic service by counsel.  As shown by *BCJJ, LLC v. LeFevre*, 8:09-CV-551-T-17EAJ, 2012 WL 3262866 (M.D. Fla. Aug. 8, 2012), ECF registration does not waive an attorney's right to service of a Rule 11 motion in the manner required by Rule 5. In *BCJJ*, a Rule 11 motion was e-mailed. *Id.* at *2.  The court found the recipient's ECF registration (comparable to that in this district) provided for only a *partial* consent to electronic service—specifically excepting those papers "not filed with the Court," such as a pre-safe harbor Rule 11 motion.  *Id.*

## III.   THE DEFENDANTS APPEAR TO MISUNDERSTAND THE RULE 11 SAFE HARBOR.

The "safe harbor" provided by Rule 11(c)(2), is, as the Third Circuit observed in *Miller*, "a crucial component" of the Rule.  *Miller*, 730 F.3d at 206.  The defendants make various comments inconsistent with, or reflecting a misunderstanding of, the safe harbor.  The defendants cite no authority supporting the idea that coerced continuing representation can be used as a means to circumvent the Rule 11 safe harbor.[2]

## IV.   SUBSTITUTE COUNSEL WILL DEFEND AGAINST THE UNTIMELY RULE 11 MOTIONS IF THE MOTIONS ARE NOT WITHDRAWN.

The Winston Defendants argue that Movants may not withdraw at this "stage of the proceedings" because "[a]ll that remains is Defendants' upcoming Rule 11 motion to dismiss."[3] That is contrary to the Winston Defendants' promise to cooperate on an orderly process toward

---

[2] Rule 11(c)(2) states that a Rule 11 motion "must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Well within the 21 days, the Winston Defendants filed and presented their motion to the Court as an exhibit to their opposition, publicly, until Movants pointed out the requirements of the Rule, at which point the Winston Defendants placed the filing under seal.  In contrast, AT&T and DIRECTV did not file their Rule 11 papers with the Court.

[3] The "stage of the proceedings" argument is a part of the Winston Defendants' presentation based on the so-called "meaningful purpose" test rejected by the Third Circuit in July 2014.  *See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 294-95 (3d Cir. 2014).

entry of a stipulated judgment of non-infringement, and it assumes (a) that the defendants' untimely motions will not be withdrawn and (b) will be granted.  In any event, the "stage of the proceedings" is a basis to deny withdrawal when an attorney seeks to withdraw on the eve of trial, or some other event that would leave the client without an ability to proceed without counsel.  *See Sharp v. Verizon Delaware Inc.*, No. CIV.A. 11-1209-RGA, 2012 WL 6212615, at *4 (D. Del. Dec. 12, 2012) ("[w]hen courts have denied motions due in part to the state of the case schedule, it has almost uniformly been because the motion to withdraw was made at or near trial or in the post-trial briefing stage.").  No trial date has been set in this case, and there is no urgency that requires Movants to remain in the case.  *See*, *e.g.*, *Wolgin v. Smith*, No. CIV. A. 94–7471, 1996 WL 482943, at *5 (E.D. Pa. Aug. 21, 1996) (permitting withdrawal and finding that it would not "materially prejudice" affected party, where "there [was] currently no trial scheduled" and any new counsel would be given "ample opportunity to become familiar" with a manageable set of case-related facts); *Magargal v. New Jersey*, Civil Action No. 07–3531, 2011 WL 5526077, at *2–3 (D.N.J. Nov. 14, 2011) (permitting withdrawal and finding that the case was "still in its infancy" at the time of the filing of the motion to withdraw).  The Court does not face a circumstance where the grant of the motion will directly impact pending litigation events.

The Winston Defendants predict that Dragon will be unable to retain new counsel in the light of their untimely Rule 11 motion.  (Opp. Br. at 5 ("it is hard to imagine how new counsel could come into the case and defend against a Rule 11 motion.").)  This Court has specifically noted that a lawyer may appear for the purpose of defending against a Rule 11 motion, without exposing himself or herself to liability, and there is no basis for speculation that Dragon would not be able to find a lawyer willing to contest the Winston Defendants' motion, should it

wrongly be filed. *Vehicle Operation Techs. LLC v. Am. Honda Mot. Co.*, 67 F. Supp. 3d 637, 654 (D. Del. 2014).

## V.    CONCLUSION.

The defendants have not identified any legitimate, legally cognizable basis on which Movants can be coerced into continuing their representation of a client with which their relationship is broken.  The Court should grant Movants' motion for leave to withdraw.


Dated:  November 11, 2015

OF COUNSEL:

Robert E. Freitas
Jason S. Angell
Jessica N. Leal
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA 94065
(650) 593-6300
rfreitas@fawlaw.com
jangell@fawlaw.com
jleal@fawlaw.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff*
*Dragon Intellectual Property, LLC*