IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Civil Action No. 13-2058-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AT&T SERVICES, INC., <br><br> Defendant. | Civil Action No. 13-2061-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 13-2062-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CABLE COMMUNICATIONS, LLC, <br><br> Defendant. | Civil Action No. 13-2063-RGA |

DRAGON INTELLECTUAL PROPERTY, LLC,

    Plaintiff,

v.

COX COMMUNICATIONS, INC.,

    Defendant.

Civil Action No. 13-2064-RGA

DRAGON INTELLECTUAL PROPERTY, LLC,

    Plaintiff,

v.

DIRECTV LLC,

    Defendant.

Civil Action No. 13-2065-RGA

DRAGON INTELLECTUAL PROPERTY, LLC,

    Plaintiff,

v.

DISH NETWORK, LLC

    Defendant.

Civil Action No. 13-2066-RGA

DRAGON INTELLECTUAL PROPERTY, LLC,

    Plaintiff,

v.

SIRIUS XM RADIO INC.,

    Defendant.

Civil Action No. 13-2067-RGA

DRAGON INTELLECTUAL PROPERTY, LLC,

Plaintiff,

v.

TIME WARNER CABLE, INC,

Defendant.

Civil Action No. 13-2068-RGA

---

DRAGON INTELLECTUAL PROPERTY, LLC,

Plaintiff,

v.

VERIZON COMMUNICATIONS, INC.,

Defendant.

Civil Action No. 13-2069-RGA

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion for Vacatur and Dismissal as Moot of my previous non-infringement judgments in these cases.[1] (D.I. 207).[2] The cases return to me after the Federal Circuit found them moot on appeal[3] and denied panel rehearing on the issue of

---

[1] On April 27, 2016, this Court issued judgments in favor of Defendant Apple, Inc., C.A. 13-2058, D.I. 133; Defendant AT&T Services, Inc., C.A. 13-2061, D.I. 168; Defendant Charter Communications, Inc., C.A. 13-2062, D.I. 181; Defendant Comcast Cable Communications, LLC, C.A. 13-2063, D.I. 180; Defendant Cox Communications Inc., C.A. 13-2064, D.I. 173; Defendant Dish Network, LLC, C.A. 13-2066, D.I. 117; Defendant Sirius XM Radio Inc., C.A. 13-2067, D.I. 130; Defendant Time Warner Cable Inc., C.A. 13-2068, D.I. 183; and Defendant Verizon Communications, Inc., C.A. 13-2069, D.I. 173. On May 3, 2016, this Court issued judgment in favor of Defendant DirecTV, LLC, C.A. 13-2065, D.I. 182.
[2] Unless otherwise noted, citations to the docket are to C.A. 13-2061.
[3] *See Dragon Intellectual Prop., LLC v. Apple Inc. et al.*, 700 F. App'x 1005, 1006 (Fed. Cir. 2017).

3

vacatur.[4] The parties have thoroughly briefed the issues. (D.I. 208, 210, 213; C.A. 13-2066, D.I. 162, 165).

As an initial matter, Defendants assert that the Federal Circuit's denial of Plaintiff's petition for panel rehearing should dictate my analysis of this issue. (D.I. 210 at 17-18; C.A. 13-2066, D.I. 162 at 3-5). They do not cite any caselaw or other authority in support of their assertion. Plaintiff responds, "Whatever the reason for the denial of rehearing, it is not possible to conclude that in denying without comment Dragon's petition for rehearing, the Federal Circuit intended to take a position on the ultimate question of the appropriateness of vacatur." (D.I. 208 at 15). Specifically, in its petition for panel rehearing, Plaintiff noted, "[B]oth district courts and courts of appeals have the power to vacate, or to direct the vacatur of, judgments in cases that become moot during an appeal." (*Id.* at 15 n.12 (citing D.I. 71-1, Exh. 1 at 2 n.1)). Therefore, Plaintiff argues, it is plausible that the Federal Circuit denied panel rehearing, because "the appropriate course of action was to leave the question of vacatur to this Court." (*Id.* at 15). I agree with Plaintiff. It is not possible to discern from the record the Panel's rationale for denying rehearing.[5] Moreover, I find it unlikely that the Federal Circuit intended to foreclose further consideration of vacatur, an apparently appropriate remedy, with a summary denial of a petition for panel rehearing. Therefore, I will consider the merits of Plaintiff's motion.

---

[4] *Dragon Intellectual Property, LLC v. Apple Inc. et al.*, Nos. 2016-2186, -2453, -2454, -2456, -2459, -2460, -2461, -2462, -2463, -2464 (Fed. Cir. Jan. 31, 2018) (D.I. 209-4).

[5] I have been unable to identify controlling authority on the "meaning" of a denial of panel rehearing. I suspect the discretionary decision of the Panel whether to institute additional proceedings is akin to a denial of certiorari by the Supreme Court. *See* 16B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4004.1 (3d ed. 2008) ("[D]enial of certiorari does not indicate any view on the merits."); *cf. Luckey v. Miller*, 929 F.2d 618, 622 (11th Cir. 1991) ("[A] summary denial of rehearing en banc is insufficient to confer any implication or inference regarding the court's opinion relative to the merits of a case. . . . [A]ttaching precedential weight to a denial of rehearing en banc would be unmanageable.").

4

Federal Rule of Civil Procedure 60(b) empowers district courts to vacate judgments for several specified reasons. A catchall provision, Rule 60(b)(6) provides: "[T]he court may relieve a party . . . from a final judgment . . . for . . . any other reason that justifies relief." The Third Circuit instructs, "[C]ourts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "[W]hether the 60(b)(6) motion under review was brought within a reasonable time" is one critical factor in the "equitable and case-dependent" analysis. *Cox*, 757 F.3d at 115-16. Beyond these general principles, Third Circuit precedent provides little guidance, because that court has not employed its "extraordinary circumstances" analysis in the context of a case mooted prior to appellate review.[6]

Caselaw and tradition strongly support a conclusion that intervening mootness of a case, prior to appellate review, is an "extraordinary circumstance." As a general matter, judgments that are mooted prior to appellate review should be vacated.[7] "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994); *see also United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 n. 2 (1950) (cataloguing cases where the Court vacated judgments following determinations of mootness); *Cardpool, Inc. v. Plastic Jungle, Inc.*, 817 F.3d 1316, 1321 (Fed. Cir. 2016) (noting

---

[6] The Parties' briefing and my independent research did not reveal a Third Circuit opinion applying the "extraordinary circumstances" analysis to facts similar to the present case.
[7] There are two well documented exceptions to the general rule: where the party seeking relief caused the case to become moot and where the party seeking relief "slept on its rights." *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 38-41 (1950). Neither exception applies to the present case.

Supreme Court precedent dictating vacatur when intervening mootness is not attributable to a party). "The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by . . . a 'preliminary' adjudication." *Camreta v. Greene*, 563 U.S. 692, 713 (2001) (citing *Munsingwear*, 340 U.S. at 40 ("When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.")). Moreover, in the Rule 60(b)(6) context, when a district court is faced with a judgment mooted prior to appellate review, the Fourth Circuit has held:

> [T]he *Bancorp* considerations that are relevant to appellate vacatur for mootness are also relevant to, and likewise largely determinative of, a district court's vacatur decision for mootness under Rule 60(b)(6), even if those considerations do not necessarily exhaust the permissible factors that may be considered by a district court in deciding a vacatur motion.

*Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 121 (4th Cir. 2000).

This case presents an "extraordinary circumstance" where vacatur under Rule 60(b)(6) is appropriate. Plaintiff was diligent in seeking review following entry of final judgment of non-infringement.[8] But the Patent Trial and Appeals Board (PTAB) subsequently invalidated the claims at issue in this case, and the Federal Circuit affirmed that decision. Thus, Plaintiff's appeal became moot prior to review. As a result, absent vacatur of my prior judgment, Plaintiff is at significant risk of harm from an unreviewed decision. Indeed, Defendants' apparent goal in (and the only rational reason for) opposing Plaintiff's motion for vacatur is to secure their right to pursue attorneys' fees as "prevailing parties." (*See* D.I. 210 at 14-20). An increased risk of

---

[8] Plaintiff also diligently filed the present Rule 60(b)(6) motion less than a month after the mandate issued from the Federal Circuit. Plaintiff's diligence provides additional support for granting Rule 60(b)(6) vacatur under the Third Circuit's analysis.

6

liability for attorneys' fees based on an unreviewed decision is unquestionably an "extreme and unexpected hardship." Thus, I will vacate my previous judgments of non-infringement in these cases.

Dismissal of the case is not appropriate at this juncture. Although the issue of infringement underlying Plaintiff's complaint is moot, Defendants' motions for attorney's fees remain outstanding.[9] "If a judgment has become moot [while awaiting review], [a court] may not consider its merits, but may make such disposition of the whole case as justice may require." *Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 677 (1944). An appropriate disposition of the entire case may include an award of costs. *See U.S. Bancorp Mortg. Co.*, 513 U.S. at 21; *see also Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 534 (3d Cir. 2001) ("[A]n award of attorney's fees with respect to the trial phases of a case is not precluded when a case becomes moot during the pendency of an appeal."); *Constangy, Brooks & Smith v. N.L.R.B.*, 851 F.2d 839, 842 (6th Cir. 1988) ("It would be particularly inappropriate to vacate the district court's order in the instant case in light of appellee's motion for attorney's fees pending before the district court . . . ."); *Grano v. Barry*, 733 F.2d 164, 168 n.2 (D.C. Cir. 1984) ("[D]ismissal of . . . part of the appeal as moot is not dispositive as to the issue of attorneys' fees . . . ."); *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980) ("[A] determination of mootness neither precludes nor is precluded by an award of attorneys' fees."); *Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir. 1980) ("Claims for attorneys' fees ancillary to the case survive independently under the court's

---

[9] *See* Defendants AT&T Services' and DirecTV's Motions to Declare this Case Exceptional and Award Fees Under 35 U.S.C. § 285 (C.A. 13-2061, D.I. 183; C.A. 13-2065, D.I. 196) and Defendants Charter Communications, Inc., Comcast Cable Communications, LLC, Cox Communications Inc., Time Warner Cable Inc., and Verizon Communication Inc.'s Motions for Attorneys' Fees and Costs (C.A. 13-2062, D.I. 203; C.A. 13-2063, D.I. 202; C.A. 13-2064, D.I. 195; C.A. 13-2068, D.I. 205; C.A. 13-2069, D.I. 195).

7

equitable jurisdiction, and may be heard even though the underlying case has become moot."). Therefore, I will retain jurisdiction to resolve Defendants' motions and deny Plaintiff's request for dismissal.

Thus, Plaintiff's Motion for Vacatur and Dismissal as Moot (C.A. 13-2058, D.I. 140; C.A. 13-2061, D.I. 207; C.A. 13-2062, D.I. 204; C.A. 13-2063, D.I. 203; C.A. 13-2064, D.I. 196; C.A. 13-2065, D.I. 221; C.A. 13-2066, D.I. 159; C.A. 13-2067, D.I. 170; C.A. 13-2068, D.I. 206; C.A. 13-2069, D.I. 196) is **GRANTED–IN–PART AND DENIED–IN–PART**.

IT IS SO ORDERED this 27 day of September 2018.

_Richard G. Andrews_
United States District Judge